**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:15-cv-01077-DAD-BAM |
| Plaintiff, | |
| v. | **ORDER VACATING MOTION HEARING** |
| JOSE V. GARCIA, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | |
| | (Docs. 11, 12) |
| | FOURTEEN-DAY DEADLINE |

**INTRODUCTION**

On December 18, 2015, the United States of America ("Plaintiff" or "United States") filed the instant motion for default judgment against Defendant Jose V. Garcia.  (Doc. 11).  Defendant has not responded to the motion or otherwise appeared in this lawsuit.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deems the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing scheduled for January 22, 2016, is HEREBY VACATED.

Having considered the moving papers, the briefing, and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED and judgment be entered in the amount of $24,876.40 against Defendant Garcia.

**FACTUAL BACKGROUND**

On July 13, 2015, the United States filed this action to recover Social Security Disability overpayments.  The Unites States alleged that beginning in or around December 2006, Defendant

1

Garcia became eligible to receive monthly Social Security benefit payments. Compl. ¶ 3. From January 1, 2009 through September 2011, Defendant Garcia was engaged in substantial gainful activity and was therefore not eligible to receive disability payments. However, Defendant Garcia received benefits for himself totaling $28,645.40 during that time period. Defendant also received payments for his two minor children totaling $3,516.00 for which he also was ineligible to receive. Compl. ¶ 4.

Beginning in 2011, the United States repeatedly notified Defendant Garcia of the overpayments and provided him with opportunities to contest the determination of overpayments. The United States also made numerous requests that Defendant Garcia pay back the amounts he improperly received. Defendant Garcia failed to respond to any of the requests. Compl. ¶ 5.

Although the Social Security Administration was able to recover $7,285.00 from Defendant Garcia's tax refunds via the Treasury Offset Program,[1] the United States has not recovered any additional sums from Defendant Garcia. Defendant Garcia's total indebtedness to the United States is $24,876.40. Compl. ¶¶ 6-7 and Ex. A. By this action, the United States seeks to recover the remaining indebtedness totaling $24,876.40.

On October 26, 2015, after Defendant Garcia failed to file an answer, the United States requested entry of default against Defendant Garcia, which was entered by the Clerk of the Court on the same day. (Docs. 7, 8). On December 17, 2015, the United States filed the present motion for default judgment. (Doc. 11). On December 18, 2015, the United States re-noticed the motion for hearing. (Doc. 12). The United States' motion requests that the Court enter default judgment against Defendant Garcia in the amount of $24,876.40. (Doc. 11 at 2). Defendant Garcia has not appeared or otherwise defended this action.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the

---

[1] The Complaint identifies the recovery as $7,825.00. However, the correct amount of recovery, based on the Certificate of Indebtedness attached to the Complaint, is $7,285.00. (Doc. 1, Ex. A to Complaint).

2

plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (*citing Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. *Id.* at 1472.

Generally, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (*citing Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *accord Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, but it does not establish the amount of damages. *Geddes*, 559 F.2d at 560.

## DISCUSSION

### 1.   Adequacy of Service of Process

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of the motion for default judgment. *See BR North 223, LLC v. Glieberman*, No. 1:10-cv-02153 LJO-BAM, 2012 WL 639500, at *3 (E.D. Cal. Feb. 27, 2012). Under Federal Rule of Civil Procedure

4(e), an individual, such as Defendant Garcia, may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A).

Here, the United States contends that service of the summons and complaint in this action was made on Defendant Garcia by personal service pursuant to federal law on September 22, 2015. The United States' proof of service indicates that process server Benjamin Walters served Jose V. Garcia at 4405 S. Butte Ave, Kerman, California 93630, at 6:17 p.m. A true and correct copy of the Proof of Service was filed with this Court on October 26, 2015. (Doc. 7-1). Based on the Proof of Service, the United States effectuated service on Defendant Garcia pursuant to Federal Rule of Civil Procedure 4(e)(2)(A). Defendant Garcia is not an infant, incompetent person or in the military service. (Declaration of Patrick J. Suter ("Suter Decl."), Doc. 11-1, ¶¶ 6-7). Accordingly, the Court finds that the United States properly served the summons and complaint in this matter.

**2.    The *Eitel* Factors Favor Entry of Default Judgment**

The Court also finds the *Eitel* factors weigh in favor of granting the United States' application for default judgment. With regard to the first *Eitel* factor, if the United States' application for default judgment were to be denied, the United States appears to be without a remedy and would be prejudiced. According to the record before the Court, the United States has recovered all available funds from Defendant Garcia's tax refund. (Suter Decl. ¶ 9, Doc. 11-1). This factor therefore weighs in favor of default judgment.

As to the second and third *Eitel* factors, the United States' substantive claims appear meritorious and the complaint is sufficiently pled. The United States has alleged that Defendant Garcia is liable for overpayment of Social Security benefits for which he was ineligible. The United States also sets forth the period of ineligibility, the reason for the ineligibility, the amount of overpayment, and the applicable provisions of the Social Security Act regarding termination of payments. These factors weigh in favor of default judgment.

As to the fourth factor, the damages sought in this case represent only the amount of indebtedness owed by Defendant Garcia for overpayment of funds, $24,876.40. (Ex. A to Doc. 1; Ex. B to Doc. 11-1). The relatively small sum of money at stake weighs in favor of granting default judgment.

As to the fifth factor, there is no dispute of material fact since Defendant Garcia failed to respond to either the Complaint or this motion. This factor weighs in favor of default judgment.

As to the sixth factor, it is unlikely that default was the result of excusable neglect. Defendant Garcia was properly served and has not appeared in this case. (*See* Docs. 7, 8). This factor weighs in favor of default judgment.

Finally, the seventh factor supports a default judgment because "although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of default judgment in situations such as this where defendants refuse to litigate." *J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at *2 (N.D. Cal. June 7, 2011). Therefore, this general policy is outweighed by the more specific considerations presented here, and the motion to enter default judgment will be granted in the amount of $24,876.40.

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the United States' application for default judgment (Doc. 11) be GRANTED and judgment be entered in favor of the United States and against Defendant Garcia in the amount of $24,876.40 in total damages.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 14, 2016**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE